IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FIRST TIME VIDEOS, LLC,

     Plaintiff,                                    No. CIV S-11-3478 GEB EFB

     vs.

JOHN DOE,

     Defendant.                              ORDER

        Plaintiff, a producer of adult entertainment content, has filed this action against defendant John Doe, alleging claims for copyright infringement, civil conspiracy, and contributory infringement. *See generally* First Am. Compl., Dckt. No. 6. Plaintiff's amended complaint alleges that "John Doe and his co-conspirators . . . knowingly and illegally, reproduced and distributed Plaintiff's work [an adult entertainment video], and materially contributed to the infringing conduct by acting in concert via the BitTorrent file sharing protocol and, upon information and belief, continue to do the same." *Id.* ¶ 1. Plaintiff alleges that "[t]he identities of John Doe and his co-conspirators are unknown to Plaintiff" and instead "are known to Plaintiff only by an Internet Protocol address ("IP address"), which is a number assigned to devices, such as computers, connected to the Internet." *Id.* ¶ 4. According to plaintiff, "[i]n the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents

observed unlawful reproduction and distribution occurring among the IP addresses listed on Exhibit A[, which is attached to the amended complaint,] via the BitTorrent protocol." *Id.* Plaintiff contends that it "cannot ascertain the identities of John Doe or his coconspirators without information from their respective Internet Service Providers ("ISPs")." *Id.*

On January 12, 2012, plaintiff filed an ex parte application seeking leave to take expedited discovery prior to the Rule 26 conference in order to obtain the identities of John Doe and his co-conspirators. Dckt. No. 7; *see also* Hansmeier Decl., Dckt. No. 7-1. Specifically, plaintiff seeks to issue subpoenas to the various ISPs used by John Doe and his co-conspirators (each of whom is identified by a unique Internet Protocol ("IP") address, which corresponds to the date and time of allegedly infringing activity). Hansmeier Decl., ¶¶ 20, 25-26. Plaintiff contends that it has gathered evidence of the infringing activities, *id.* ¶¶ 16-27, and that when presented with an IP address and the date and time of infringing activity, an ISP can identify the name and address of the ISP's subscriber because that information is contained in the ISP's subscriber activity log files. *Id.* ¶ 22. However, plaintiff argues that "ISPs typically keep log files of subscriber activities for only limited periods of time—sometimes for as little as weeks or even days—before erasing the data." *Id*. ¶¶ 22, 28-29.

Plaintiff contends that good cause supports its application for expedited discovery because the identities of John Doe and his co-conspirators are essential to plaintiff's prosecution of its claims in this case, and the information is under imminent threat of destruction. *Id.* at 4-6. Specifically, plaintiff contends that without knowing John Doe and his co-conspirators' identities, plaintiff will have no means to name and serve anyone with process and "will have no means of computing the damages that can be attributed to the conspiracy or establishing testimony from co-conspirators to aid in proving liability against John Doe and any co-conspirators who are later joined to this action," and argues that because the allegedly infringing activity occurred as far back as August, the data retained by the ISPs at issue "is on the verge of permanent destruction." *Id.* at 4, 5. Plaintiff also argues that the need for limited

early discovery outweighs any prejudice to John Doe and his co-conspirators since the request is limited in scope (plaintiff only seeks basic contact information) and since plaintiff only intends to use the information disclosed "for the purpose of protecting its rights under the copyright laws." *Id.* at 6-10. Finally, plaintiff contends ex parte relief is proper since there are no known defendants with whom to confer and plaintiff's discovery request is directed at a third party." *Id.* at 11-12.

Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Here, because plaintiff does not know the identity of defendant John Doe, the parties have not yet met and conferred under Rule 26(f). Therefore, plaintiff requests that the court authorize expedited discovery.

Courts in the Ninth Circuit apply a "good cause" test in deciding whether to permit expedited discovery before the Rule 26(f) conference.[1] *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002); *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp.2d 1063, 1066 (C.D. Cal. 2009); *In re Countrywide Financial Corp. Derivative Litig.*, 542 F. Supp.2d 1160, 1179 (C.D. Cal. 2008); *Matson & Isom Technology Consulting v. Dell Inc.*, 2008 WL 3863447 (E.D. Cal. Aug. 19, 2008); *Qwest Commc'ns Int'l, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (The "party seeking expedited discovery in advance of [the] Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *In re*

---

[1] "Courts are split as to whether a party seeking expedited discovery must satisfy a 'good cause' or 'reasonableness' standard or the more stringent standard set forth in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), which largely tracks the standard required for obtaining a preliminary injunction." *See Special Situations Cayman Fund, L.P. v. Dot Com Entm't Grp., Inc.*, 2003 WL 23350128, at *1 n.7 (W.D.N.Y. Dec. 5, 2003) (detailing the split). However, courts in the Ninth Circuit have traditionally applied the "good cause" standard.

1  *Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d at 1179 (quoting *Semitool, Inc.*, 208
2  F.R.D. at 276).  The court must make this evaluation in light of "the entirety of the record . . .
3  and [examine] the reasonableness of the request in light of all the surrounding circumstances."
4  *Semitool, Inc.*, 208 F.R.D. at 275 (citation & quotation marks omitted) (emphasis removed);
5  *Am. Legalnet, Inc.*, 673 F. Supp.2d at 1067.

6        Good cause for expedited discovery is frequently found in cases involving claims of
7  infringement and unfair competition or in cases where the plaintiff seeks a preliminary
8  injunction.  *Semitool, Inc.*, 208 F.R.D. at 276; *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd.*
9  *Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002).  Recently, several courts have found good
10 cause to allow expedited discovery to ascertain the identities of Doe defendants in copyright
11 infringement actions.  *See, e.g., Arista Records LLC v. Does 1-43*, 2007 WL 4538697, at *1
12 (S.D. Cal. Dec. 20, 2007); *SBO Pictures, Inc. v. Does 1-3036*, 2011 WL 6002620 (N.D. Cal.
13 Nov. 30, 2011) (authorizing expedited discovery as to one of the doe defendants and dismissing
14 the remaining doe defendants); *Hard Drive Prods., Inc. v. Does 1-130*, 2011 WL 5573960 (N.D.
15 Cal. Nov. 16, 2011) (same); *AF Holdings LLC v. Does 1-97*, 2011 WL 2912909 (N.D. Cal. July
16 20, 2011) (same); *Pac. Century Int'l Ltd. v. Does 1-101*, 2011 WL 2690142 (N.D. Cal. July 8,
17 2011) (same); *AF Holdings LLC v. Does 1-96*, 2011 WL 5864174 (N.D. Cal. Nov. 22, 2011)
18 (authorizing expedited discovery as to the 96 doe defendants); *Berlin Media Art E.K. v. Does 1-*
19 *146*, 2011 WL 4056167 (E.D. Cal. Sept. 12, 2011) (authorizing expedited discovery as to the 146
20 doe defendants); *but see Hard Drive Prods., Inc. v. Doe,* 2012 WL 90412 (E.D. Cal. Jan. 11,
21 2012) (denying request for expedited discovery where plaintiff sought to depose an individual
22 that plaintiff was able to identify); *Pac. Century Int'l Ltd. v. Does 1-101*, 2011 WL 5117424
23 (N.D. Cal. Oct. 27, 2011) (denying request for expedited discovery).

24       For example, in *Arista Records LLC*, the plaintiffs alleged that unidentified defendants
25 had used an online media distribution system to download and distribute plaintiffs' copyrighted
26 works to the public without permission.  *Arista Records LLC*, 2007 WL 4538697, at *1.

Because the plaintiffs were only able to identify each defendant by a unique internet protocol address assigned to that defendant, plaintiffs filed an ex parte application seeking leave to serve immediate discovery on a third-party ISP to identify the Doe defendants' true identities. *Id*. The court found good cause to allow expedited discovery based on the plaintiffs' prima facie showing of infringement, the risk that the ISP would not long preserve the information sought, the narrow tailoring of the requests to the minimum amount of information needed to identify the defendants without prejudicing their rights, and the fact that the expedited discovery would substantially contribute to moving the case forward. *Id*. The court further noted that, without such discovery, plaintiffs could not identify the Doe defendants and would not be able to pursue their lawsuit to protect their copyrighted works from infringement. *Id.*

Other courts have specifically noted that "[i]n this particular context, the court must balance 'the need to provide injured parties with an [sic] forum in which they may seek redress for grievances' against 'the legitimate and valuable right to participate in online forums anonymously or pseudonymously . . . without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity.'" *Hard Drive Prods., Inc.*, 2011 WL 5573960, at *1 (quoting *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999)).

Here, plaintiff has demonstrated good cause for some of the expedited discovery requested, but not all of it. Specifically, plaintiff has shown good cause to conduct discovery regarding the identity of John Doe, but has not shown good cause to conduct discovery regarding John Doe's alleged co-conspirators, whom plaintiff has not alleged as defendants in the amended complaint. *See* Dckt. No. 6 at 1, 9 (naming only one doe defendant, John Doe, and asserting that plaintiff will "seek leave of the Court to amend this complaint to join John Doe's co-conspirators as defendants . . . ."). Since John Doe is the only defendant asserted in the amended complaint, plaintiff cannot proceed with this lawsuit without obtaining John Doe's identity. *UMG Recordings, Inc. v. Does 1-4*, 2006 WL 1343597, at *1 (N.D. Cal. Apr.19, 2006). Additionally,

as plaintiff contends in its application, there is a high risk that the ISP used by John Doe may destroy the information plaintiff seeks and thereby preclude plaintiff from discovering John Doe's true identity. *Id.* Further, copyright infringement claims "necessarily involve[ ] irreparable harm to Plaintiff [ ], as a copyright holder is presumed to suffer irreparable harm as a matter of law" when the ambit of its copyright is invaded. *Id.* Accordingly, plaintiff's request to subpoena Comcast Cable Communications (the ISP listed for John Doe in Exhibit A to the Amended Complaint) to obtain limited information needed to identify John Doe (name, addresses, telephone numbers, and email addresses) will be granted. However, because plaintiff's complaint does not purport to sue John Doe's alleged "co-conspirators" at this time, in light of the potential that some of the alleged co-conspirators are innocent internet users, plaintiff has not shown that the need to discover their identities at this early stage outweighs the prejudice to those individuals, or that the request to subpoena all of those individuals' ISPs is reasonable at this time, in light of all the surrounding circumstances. *See* Hansmeier Decl., ¶ 27 (stating that Hansmeier "personally observed John Doe's IP address . . . downloading and uploading the Video in a BitTorrent swarm containing the other IP addresses listed in Exhibit A" and noting that those other users "*could have* aided John Doe"). Therefore, the remainder of plaintiff's request for expedited discovery will be denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's ex parte application for leave to take expedited discovery, Dckt. No. 7, is granted in part and denied in part.

2. Plaintiff may immediately serve a Rule 45 subpoena on Comcast Cable Communications (the ISP listed for John Doe in Exhibit A to the Amended Complaint) to obtain the following information about John Doe (based on the IP address listed for him in Exhibit A to the Amended Complaint – 76.11.57.33): name, addresses, telephone numbers, and email addresses. A copy of this order shall be attached to the subpoena.

////

1    3. Comcast Cable Communications ("Comcast") will have thirty (30) days from the date a copy of this Order and a copy of the subpoena are served upon it to serve John Doe with a copy of the subpoena and a copy of this order.  Comcast may serve John Doe using any reasonable means, including written notice sent to Doe's last known address, transmitted either by first-class mail or via overnight service.  Comcast and John Doe each shall have 30 days from the date of service to file any motions in this court contesting the subpoena (including a motion to quash or modify the subpoena).  If that 30-day period lapses without John Doe or Comcast contesting the subpoena, Comcast shall have 14 days to produce to plaintiff the information responsive to the subpoena with respect to John Doe.

    4. Comcast shall confer with plaintiff before assessing any charge in advance of providing the information requested in the subpoena.  If Comcast elects to charge for the costs of production, Comcast shall provide plaintiff with a billing summary and cost reports.

    5. Comcast shall preserve all subpoenaed information pending Comcast's delivery of such information to plaintiff or the final resolution of a timely filed and granted motion to quash the subpoena with respect to such information.

    6. Any information disclosed to plaintiff in response to the subpoena may not be used for any improper purpose and may only be used for protecting its rights as set forth in the Amended Complaint.

    7. Plaintiff's request for an order authorizing plaintiff to serve subpoenas on other ISPs is denied without prejudice.

    SO ORDERED.

DATED: January 19, 2012.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE