IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FIRST TIME VIDEOS, LLC,

      Plaintiff,                                        No. CIV S-11-3478 GEB EFB

    vs.

JOHN DOE,

      Defendant.                                  ORDER

/

        Presently before the undersigned is plaintiff's renewed ex parte application for leave to take expedited discovery prior to the Rule 26 conference. Dckt. No. 10. Plaintiff's earlier application for leave to take expedited discovery was granted in part and denied in part, so plaintiff has now renewed that application in an effort to address the concerns raised by the court in the order on the initial application. *See* Dckt. Nos. 7, 9.

I.    BACKGROUND

        Plaintiff, a producer of adult entertainment content, filed this action against defendant John Doe, alleging claims for copyright infringement, civil conspiracy, and contributory infringement. *See generally* First Am. Compl., Dckt. No. 6. Plaintiff's amended complaint alleges that "John Doe and his co-conspirators . . . knowingly and illegally, reproduced and distributed Plaintiff's work [an adult entertainment video], and materially contributed to the

1

infringing conduct by acting in concert via the BitTorrent file sharing protocol and, upon information and belief, continue to do the same." *Id.* ¶ 1. Plaintiff alleges that "[t]he identities of John Doe and his co-conspirators are unknown to Plaintiff" and instead "are known to Plaintiff only by an Internet Protocol address ("IP address"), which is a number assigned to devices, such as computers, connected to the Internet." *Id.* ¶ 4. Plaintiff asserts that "[i]n the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed unlawful reproduction and distribution occurring among the IP addresses listed on Exhibit A[, which is attached to the amended complaint,] via the BitTorrent protocol." *Id.* Plaintiff contends that it "cannot ascertain the identities of John Doe or his coconspirators without information from their respective Internet Service Providers ("ISPs")." *Id.*

On January 12, 2012, plaintiff filed its initial ex parte application seeking leave to take expedited discovery prior to the Rule 26 conference in order to obtain the identities of John Doe and his co-conspirators. Dckt. No. 7; *see also* Hansmeier Decl., Dckt. No. 7-1. Specifically, plaintiff sought to issue subpoenas to the various ISPs used by John Doe and his co-conspirators (each of whom is identified by a unique Internet Protocol ("IP") address, which corresponds to the date and time of allegedly infringing activity). Hansmeier Decl., ¶¶ 20, 25-26. Plaintiff argued that it has gathered evidence of the infringing activities, *id.* ¶¶ 16-27, and that when presented with an IP address and the date and time of infringing activity, an ISP can identify the name and address of the ISP's subscriber because that information is contained in the ISP's subscriber activity log files. *Id.* ¶ 22. However, plaintiff also argued that "ISPs typically keep log files of subscriber activities for only limited periods of time—sometimes for as little as weeks or even days—before erasing the data." *Id.* ¶¶ 22, 28-29.

According to plaintiff, good cause supported its initial application for expedited discovery because the identities of John Doe and his co-conspirators are essential to plaintiff's prosecution of its claims in this case, and the information is under imminent threat of destruction. *Id.* at 4-6.

2

1  Specifically, plaintiff argued that without knowing John Doe and his co-conspirators' identities,
2  plaintiff will have no means to name and serve anyone with process and "will have no means of
3  computing the damages that can be attributed to the conspiracy or establishing testimony from
4  co-conspirators to aid in proving liability against John Doe and any co-conspirators who are later
5  joined to this action," and argued that because the allegedly infringing activity occurred as far
6  back as August, the data retained by the ISPs at issue "is on the verge of permanent destruction."
7  *Id.* at 4, 5. Plaintiff also argued that the need for limited early discovery outweighs any prejudice
8  to John Doe and his co-conspirators since the request is limited in scope (plaintiff only seeks
9  basic contact information) and since plaintiff only intends to use the information disclosed "for
10 the purpose of protecting its rights under the copyright laws." *Id.* at 6-10. Finally, plaintiff
11 contended that ex parte relief is proper since there are no known defendants with whom to confer
12 and plaintiff's discovery request is directed at a third party." *Id.* at 11-12.

13  On January 19, 2012, the undersigned issued an order granting plaintiff's application in
14 part and denying it in part. Dckt. No. 9. Quoting Federal Rule of Civil Procedure 26(d)(1), the
15 court noted that "[a] party may not seek discovery from any source before the parties have
16 conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure
17 under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."
18 Plaintiff argued that because it does not know the identity of defendant John Doe, the parties had
19 not yet met and conferred under Rule 26(f). Applying the "good cause" test used by courts in
20 this Circuit, *see*, *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp. 2d at 1179
21 (quoting *Semitool, Inc.*, 208 F.R.D. at 276), the court found that plaintiff had demonstrated an
22 adequate basis for conducting some, but not all of the expedited discovery it sought. Dckt.
23 No. 9.

> Specifically, plaintiff has shown good cause to conduct discovery regarding the
> identity of John Doe, but has not shown good cause to conduct discovery
> regarding John Doe's alleged co-conspirators, whom plaintiff has not alleged as
> defendants in the amended complaint. *See* Dckt. No. 6 at 1, 9 (naming only one
> doe defendant, John Doe, and asserting that plaintiff will "seek leave of the Court

3

>to amend this complaint to join John Doe's co-conspirators as defendants . . . ."). Since John Doe is the only defendant asserted in the amended complaint, plaintiff cannot proceed with this lawsuit without obtaining John Doe's identity. *UMG Recordings, Inc. v. Does 1-4*, 2006 WL 1343597, at *1 (N.D. Cal. Apr.19, 2006). Additionally, as plaintiff contends in its application, there is a high risk that the ISP used by John Doe may destroy the information plaintiff seeks and thereby preclude plaintiff from discovering John Doe's true identity. *Id.* Further, copyright infringement claims "necessarily involve[ ] irreparable harm to Plaintiff [ ], as a copyright holder is presumed to suffer irreparable harm as a matter of law" when the ambit of its copyright is invaded. *Id.* Accordingly, plaintiff's request to subpoena Comcast Cable Communications (the ISP listed for John Doe in Exhibit A to the Amended Complaint) to obtain limited information needed to identify John Doe (name, addresses, telephone numbers, and email addresses) will be granted. However, because plaintiff's complaint does not purport to sue John Doe's alleged "co-conspirators" at this time, in light of the potential that some of the alleged co-conspirators are innocent internet users, plaintiff has not shown that the need to discover their identities at this early stage outweighs the prejudice to those individuals, or that the request to subpoena all of those individuals' ISPs is reasonable at this time, in light of all the surrounding circumstances. *See* Hansmeier Decl., ¶ 27 (stating that Hansmeier "personally observed John Doe's IP address . . . downloading and uploading the Video in a BitTorrent swarm containing the other IP addresses listed in Exhibit A" and noting that those other users "*could have* aided John Doe"). Therefore, the remainder of plaintiff's request for expedited discovery will be denied without prejudice.

*Id.* at 3-6. Accordingly, the undersigned authorized plaintiff to "immediately serve a Rule 45 subpoena on Comcast Cable Communications (the ISP listed for John Doe in Exhibit A to the Amended Complaint) to obtain the following information about John Doe (based on the IP address listed for him in Exhibit A to the Amended Complaint – 76.11.57.33): name, addresses, telephone numbers, and email addresses." *Id.* at 6. However, the order provided that plaintiff's request for an order authorizing plaintiff to serve subpoenas on other ISPs was denied without prejudice. *Id.* at 7.

On January 31, 2012, plaintiff filed a renewed application to conduct expedited discovery. Dckt. No. 10. Plaintiff again seeks leave to serve discovery on the other third party ISPs to determine the identities of John Doe's co-conspirators. *Id.* Plaintiff makes the same arguments it made in the initial application, but it attaches a revised Hansmeier declaration in order "to clarify the two ambiguities in the Hansmeier declaration that ostensibly caused the Court to partially deny Plaintiff's original application." *Id.* at 1.

4

## II. DISCUSSION

Plaintiff argues that the basis for the earlier denial of the request "was a concern over the 'potential that some of the alleged co-conspirators are innocent internet users," citing "two excerpts from the Hansmeier declaration that triggered this concern." [1] *Id.* (citing Dckt. No. 9 at 6). Plaintiff presumes that, with respect to the first excerpt, "the Court was concerned that Hansmeier did not expressly state, as he did with respect to John Doe, that he personally observed the co-conspirators' IP addresses in the BitTorrent swarm." *Id.* at 2. Similarly, with respect to the second excerpt, "[p]laintiff presumes that the Court was concerned that the usage of 'could have' was meant to indicate possibility—thus introducing the spectre that the co-conspirators had no association to the unlawful activity alleged in Plaintiff's complaint—versus being used to indicate technical feasibility." *Id.*

Plaintiff attempts to remedy that concern by the revised Hansmeier declaration, which clarifies that in addition to observing John Doe downloading and uploading the Video in a BitTorrent swarm, Hansmeier "also observed the IP addresses listed under 'Co-Conspirators' engaged in the same downloading and uploading as John Doe." Revised Hansmeier Decl., Dckt. No. 10-1, ¶ 27. Hansmeier adds that "[i]n fact, each IP address listed on Exhibit A to the complaint—including that of John Doe and those of his so-called co-conspirators—distributed a portion of the Video to 6881's forensic software," and he contends that "[d]irectly observing such distribution and only including IP addresses that are associated with such distribution provides a high level of protection against false positives." *Id.* Hansmeier further amends his declaration by removing the use of the words "could have" and now states that "the BitTorrent protocol would allow so-called co-conspirators to aid John Doe in downloading the entire Video

---

[1] Plaintiff cites the undersigned's reference to the portion of the Hansmeier declaration stating that Hansmeier "personally observed John Doe's IP address . . . downloading and uploading the Video in a BitTorrent swarm containing the other IP addresses listed in Exhibit A" and the portion stating that the other users "*could have* aided John Doe." *Id.* at 1-2 (citing Dckt. No. 9 at 6).

file by contributing pieces of the copyrighted Video to John Doe upon his initial download." *Id.* ¶ 28.

As previously explained in the January 19, 2012 order, Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Here, plaintiff does not know the identity of defendant John Doe and, necessarily, the parties have not yet met and conferred under Rule 26(f).

The court's earlier order also explained that courts in the Ninth Circuit apply a "good cause" test in deciding whether to permit expedited discovery before the Rule 26(f) conference.[2] *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 275 (N.D. Cal. 2002); *see also Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009); *In re Countrywide Financial Corp. Derivative Litig.*, 542 F. Supp.2d 1160, 1179 (C.D. Cal. 2008); *Matson & Isom Technology Consulting v. Dell Inc.*, 2008 WL 3863447 (E.D. Cal. Aug. 19, 2008); *Qwest Commc'ns Int'l, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003) (The "party seeking expedited discovery in advance of [the] Rule 26(f) conference has the burden of showing good cause for the requested departure from usual discovery procedures."). "Good cause exists 'where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.'" *In re Countrywide Fin. Corp. Derivative Litig.*, 542 F. Supp.2d at 1179 (quoting *Semitool, Inc.*, 208 F.R.D. at 276). The court must make this evaluation in light of "the entirety of the record . . . and [examine] the reasonableness of the request in light of all the surrounding circumstances." *Semitool, Inc.*, 208 F.R.D. at 275 (citation & quotation marks

---

[2] "Courts are split as to whether a party seeking expedited discovery must satisfy a 'good cause' or 'reasonableness' standard or the more stringent standard set forth in *Notaro v. Koch*, 95 F.R.D. 403, 405 (S.D.N.Y. 1982), which largely tracks the standard required for obtaining a preliminary injunction." *See Special Situations Cayman Fund, L.P. v. Dot Com Entm't Grp., Inc.*, 2003 WL 23350128, at *1 n.7 (W.D.N.Y. Dec. 5, 2003) (detailing the split). However, courts in the Ninth Circuit have traditionally applied the "good cause" standard.

6

1 omitted) (emphasis removed);  *Am. Legalnet, Inc.*, 673 F. Supp.2d at 1067.

2      Good cause for expedited discovery is frequently found in cases involving claims of
3 infringement and unfair competition or in cases where the plaintiff seeks a preliminary
4 injunction. *Semitool, Inc*., 208 F.R.D. at 276; *Pod-Ners, LLC v. N. Feed & Bean of Lucerne Ltd.*
5 *Liability Co.*, 204 F.R.D. 675, 676 (D. Colo. 2002).  Recently, several courts have found good
6 cause to allow expedited discovery to ascertain the identities of Doe defendants in copyright
7 infringement actions. *See, e.g., Arista Records LLC v. Does 1-43*, 2007 WL 4538697, at *1
8 (S.D. Cal. Dec. 20, 2007); *SBO Pictures, Inc. v. Does 1-3036*, 2011 WL 6002620 (N.D. Cal.
9 Nov. 30, 2011) (authorizing expedited discovery as to one of the doe defendants and dismissing
10 the remaining doe defendants); *Hard Drive Prods., Inc. v. Does 1-130*, 2011 WL 5573960 (N.D.
11 Cal. Nov. 16, 2011) (same); *AF Holdings LLC v. Does 1-97*, 2011 WL 2912909 (N.D. Cal. July
12 20, 2011) (same); *Pac. Century Int'l Ltd. v. Does 1-101*, 2011 WL 2690142 (N.D. Cal. July 8,
13 2011) (same); *AF Holdings LLC v. Does 1-96*, 2011 WL 5864174 (N.D. Cal. Nov. 22, 2011)
14 (authorizing expedited discovery as to the 96 doe defendants); *Berlin Media Art E.K. v. Does 1-*
15 *146*, 2011 WL 4056167 (E.D. Cal. Sept. 12, 2011) (authorizing expedited discovery as to the 146
16 doe defendants); *but see Hard Drive Prods., Inc. v. Doe,* 2012 WL 90412 (E.D. Cal. Jan. 11,
17 2012) (denying request for expedited discovery where plaintiff sought to depose an individual
18 that plaintiff was able to identify); *Pac. Century Int'l Ltd. v. Does 1-101*, 2011 WL 5117424
19 (N.D. Cal. Oct. 27, 2011) (denying request for expedited discovery).

20      For example, in *Arista Records LLC*, the plaintiffs alleged that unidentified defendants
21 had used an online media distribution system to download and distribute plaintiffs' copyrighted
22 works to the public without permission. *Arista Records LLC*, 2007 WL 4538697, at *1.
23 Because the plaintiffs were only able to identify each defendant by a unique internet protocol
24 address assigned to that defendant, plaintiffs filed an ex parte application seeking leave to serve
25 immediate discovery on a third-party ISP to identify the Doe defendants' true identities. *Id*.
26 ////

The court found good cause to allow expedited discovery based on the plaintiffs' prima facie showing of infringement, the risk that the ISP would not long preserve the information sought, the narrow tailoring of the requests to the minimum amount of information needed to identify the defendants without prejudicing their rights, and the fact that the expedited discovery would substantially contribute to moving the case forward. *Id*. The court further noted that, without such discovery, plaintiffs could not identify the Doe defendants and would not be able to pursue their lawsuit to protect their copyrighted works from infringement. *Id.*

Other courts have specifically noted that "[i]n this particular context, the court must balance 'the need to provide injured parties with an [sic] forum in which they may seek redress for grievances' against 'the legitimate and valuable right to participate in online forums anonymously or pseudonymously . . . without fear that someone who wishes to harass or embarrass them can file a frivolous lawsuit and thereby gain the power of the court's order to discover their identity.'" *Hard Drive Prods., Inc.*, 2011 WL 5573960, at *1 (quoting *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999)).

In the January 19, 2012 order, the undersigned found that plaintiff had demonstrated good cause to conduct expedited discovery regarding the identity of John Doe. Therefore, the issue here reduces to the question of whether plaintiff's renewed application establishes good cause for plaintiff to conduct the remainder of the requested expedited discovery – specifically, discovery regarding John Doe's alleged co-conspirators. The undersigned finds that it does not.

Although the revised Hansmeier declaration clarifies that he observed the co-conspirators' IP addresses engaged in the same downloading and uploading as John Doe, the declaration still does not establish that none of the internet subscribers whose information plaintiff seeks to obtain are innocent internet users. The concern remains that potentially non-offending users' information is being sought. As many courts have noted, "the ISP subscriber to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes." *SBO Pictures, Inc.*, 2011 WL 6002620, at *3; *Pac. Century Int'l*

*Ltd.*, 2011 WL 5117424, at *2; *IO Group, Inc. v. Does 1–19*, 2011 WL 772909, at *1 (N.D. Cal. Mar. 1, 2011). "For example, '[ISP] subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiff's works.'" *SBO Pictures, Inc.*, 2011 WL 6002620, at *3 (quoting *Third Degree Films v. Does 1–3577*, 2011 WL 5374569 (N.D. Cal. Nov. 4, 2011)). Because plaintiff seeks information about the "ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, 'Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.'" *Id.* (quoting *Hard Drive Prods.,* 2011 WL 5573960, at *2). Additionally, as numerous other courts have noted, if the undersigned were to grant plaintiff's renewed request for expedited discovery regarding the alleged co-conspirators, "[p]laintiff would likely send settlement demands to the individuals whom the ISP identified as the IP subscriber. 'That individual—whether guilty of copyright infringement or not– would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the money demanded. This creates great potential for a coercive and unjust 'settlement.'" *SBO Pictures, Inc.*, 2011 WL 6002620, at *3 (quoting *Hard Drive Prods.,* 2011 WL 5573960, at *3).

     Moreover, the revised application does not address a separate concern the court noted in the January 19 order – the fact that plaintiff has not named the alleged co-conspirators in its complaint. *See* Dckt. No. 6 at 1, 9 (naming only one doe defendant, John Doe, and asserting that plaintiff will "seek leave of the Court to amend this complaint to join John Doe's co-conspirators as defendants . . . ."). Although plaintiff contends that it may seek leave to join the co-conspirators, plaintiff has not done so, and it is not clear that the court would permit such joinder. *See, e.g., SBO Pictures, Inc.*, 2011 WL 6002620, at *2-4; *Hard Drive Prods.,* 2011 WL 5573960, at *4; *Third Degree Films*, 2011 WL 5374569, at *3-4; *AF Holdings LLC*, 2011 WL

2912909, at *2-4; *Pac. Century Int'l Ltd.*, 2011 WL 5117424, at *2-4.

Further, the court already granted plaintiff's request for expedited discovery regarding John Doe's identity. Therefore, plaintiff's argument that, without knowing the identities of John Doe and his co-conspirators, "[p]laintiff will have no means to name and serve anyone with process" and "will have no means of computing the damages that can be attributed to the conspiracy or establishing testimony from co-conspirators to aid in proving liability against John Doe and any co-conspirators who are later joined to this action" is unconvincing. *See* Dckt. No. 10 at 5. Plaintiff was given authority to issue a subpoena to John Doe's ISP. Once the ISP responds to the subpoena, plaintiff will presumably be able to identify John Doe, serve process, and proceed with this action in accordance with the Federal Rules of Civil Procedure (including regularly scheduled discovery). Therefore, plaintiff does not need expedited discovery regarding the alleged co-conspirators in order to proceed with this case.

Although the court acknowledges that there is at least some risk that the ISPs used by the alleged co-conspirators could destroy the information plaintiff seeks and thereby preclude plaintiff from discovering their identities, in light of the entirety of the record, and for the reasons outlined above, the request to conduct expedited discovery regarding all of the alleged co-conspirators is not reasonable and is not supported by good cause.

III. <u>CONCLUSION</u>

Accordingly, IT IS HEREBY ORDERED that plaintiff's renewed application to conduct additional expedited discovery is denied.

DATED: February 7, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE