Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST TIME VIDEOS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>JOHN DOE,<br><br>    Defendant. | No. 2:11-cv-03478-GEB-EFB<br><br>**PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S PRETRIAL ORDER** |

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE EDMUND F. BRENNAN'S PRETRIAL ORDER OF FEBRUARY 8, 2012**

Plaintiff, First Time Videos, LLC, through its counsel and pursuant to Federal Rule of Civil Procedure 72, timely files its Objections to the Magistrate Judge's Pretrial Order of February 8, 2012 (hereinafter the "Order"). Plaintiff respectfully requests that the Court set aside the Order and enter an order granting Plaintiff leave to issue subpoenas to the Internet Service Providers of John Doe and his joint tortfeasors. The information sought in the subpoenas is vital to Plaintiff's case and is under an imminent threat of permanent destruction.

**BACKGROUND**

Plaintiff is a producer of adult entertainment content and holds the copyright in the work "FTV – Malena" (the "Video"). (*See* Pl.'s Compl., ECF No. 1.) On December 30, 2011, Plaintiff filed a complaint for copyright infringement and civil conspiracy against John Doe. (*Id.*)  Then, on January 5, 2012, the Plaintiff submitted an Amended Complaint to supplement the original complaint with allegations of contributory infringement. (Pl.'s Amended Compl., ECF No. 6.)

1 On January 12, 2012, Plaintiff filed an *Ex Parte* Application for Leave to Take Expedited Discovery (hereinafter "*Ex Parte* Application") in order to ascertain the identities of John Doe and his joint tortfeasors. (ECF No. 7; *see also* Hansmeier Decl., ECF No. 7-1.) The Honorable Magistrate Judge Edmund F. Brennan granted the *Ex Parte* Application in part and denied it in part, without prejudice, in the Order of January 19, 2012. (January 19 Order, ECF No. 9.) The Court held that, "plaintiff has shown good cause to conduct discovery regarding the identity of John Doe, but has not shown good cause to conduct discovery regarding John Doe's alleged co-conspirators. . . ." (*Id.* at 5:19-21.)

In the Order, the Court explained that leave was denied with regards to the joint tortfeasors because, "in light of the potential that some of the alleged co-conspirators are innocent internet users, plaintiff has not shown that the need to discovery their identities at this early stage outweighs the prejudice to those individuals . . ." (*Id.* at 6:9-12.) Plaintiff does not know on what basis the Court concluded that some of John Doe's joint tortfeasors may be innocent or that John Doe is guilty but some of his joint tortfeasors may not be. The only explanation provided in the Order was a reference to certain ambiguous statements in the Hansmeier Declaration.

On January 31, 2012, Plaintiff filed a Renewed *Ex Parte* Application for Leave to Take Expedited Discovery (hereinafter "Renewed Application") (ECF No 10.) The Renewed Application contained a revised Hansmeier declaration that eliminated the potential ambiguities in the passages noted in the Order. (*Id.*) On February 8, 2012, the Court issued an Order denying the Renewed Application [hereinafter "February 8 Order"]. (ECF No. 11.) The February 8 Order clarified the Court's concern: "[Plaintiff] still does not establish that none of the internet subscribers whose information plaintiff seeks to obtain are innocent internet users." (*id.* at 8:22-23.)

### LEGAL STANDARD

This action was previously referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A), which permits a magistrate judge to decide certain non-dispositive matters. Local Rule 303(a); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Pursuant to the Rules, this Court will uphold a magistrate judge's decision unless it was "clearly erroneous or contrary to law." Local

Rule 303(f); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 747-48 (9th Cir. 1990). The "clearly erroneous or contrary to law" standard applies to the magistrate judge's factual determinations and discretionary decisions. *Computer Econ., Inc. v. Gartner Group, Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal 1999); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir. 1991).

In its Revised Application, Plaintiff sought two forms of relief. First, Plaintiff sought leave to serve expedited discovery. Second, Plaintiff sought to unmask the identities of anonymous alleged copyright infringers. Each form of relief is associated with an independent legal standard, both of which much be satisfied before Plaintiff is entitled to the relief it sought. The legal standard applicable to requests for expedited discovery applied by district courts in the Ninth Circuit is a "good cause" test. *Apple Inc. v. Samsung Electronics Co., Ltd.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) (citing *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002)). Under the "good cause" standard, "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276.

The legal standard applicable to requests to unmask the identities of anonymous alleged copyright infringers is stating a *prima facie* claim for copyright infringement that could withstand a motion to dismiss. *In re Anonymous Online Speakers*, 611 F.3d 653, 660 (9th Cir. 2010) (setting forth the various standards used by courts in balancing discovery and the right to anonymous speech).

**ARGUMENT**

In the following sections, Plaintiff will demonstrate why the February 8 Order was clearly erroneous or contrary to law. First, the Court analyzed Plaintiff's expedited discovery request under the wrong legal standard. Second, the Court failed to discuss the legal standard for unmasking the identities of anonymous copyright infringers. Third, the authority discussed by the Court is not a substitute for the appropriate legal standard. Finally, potential innocence is not a basis for denying identifying discovery.

I.   THE FEBRUARY 8 ORDER ANALYZED PLAINTIFF'S EXPEDITED DISCOVERY REQUEST UNDER AN IMPROPER LEGAL STANDARD

Although the Court correctly identified the "good cause" standard set forth in *Semitool* as the legal standard applicable to expedited discovery requests (ECF No. 11 at 6:9-11) the Court did not use this standard in denying Plaintiff's request.

Under the "good cause" standard, "[g]ood cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool*, 208 F.R.D. at 276. This analysis only involves two parties: the moving party and the responding party. *Id.* The responding parties at issue in regards to Plaintiff's expedited discovery request are Internet Service Providers, and not Internet subscribers. The Court's concern "that potentially nonoffending users' information is being sought" is not relevant to whether or not "good cause" exists for Plaintiff's expedited discovery request. (ECF No. 11 at 8:23-24.)[1] Nowhere in the February 8 Order does the Court mention the potential prejudice to Internet Service Providers. (*See generally* ECF No. 11.) Nor does the Court discuss Plaintiff's need for expedited discovery. (*Id.*) Instead the Court focuses on the potential prejudice to the Internet subscribers (ECF No. 11 at 8:8-13; 8:22-23; 9:10-17; 9:19-25), whose rights are not relevant to the "good cause" standard for evaluating Plaintiff's request.

Instead, the Court denied Plaintiff's discovery request because Plaintiff "does not establish that none of the internet subscribers whose information plaintiff seeks to obtain are innocent internet users." (ECF No. 11 at 8:22-23.) This "establish guilt" test is not the test set forth in *Semitool*. Nowhere in the *Semitool* opinion is the party seeking expedited discovery required to "establish" that anyone is guilty before the request is granted. *See generally Semitool*, 208 F.R.D. 273. Whether or not the joint tortfeasors are guilty is to be determined at summary adjudication or trial stages of the litigation.

---

[1] This concern is more properly considered in the context of the legal standard applicable to unmasking the identities of anonymous copyright infringers.

When Plaintiff's expedited discovery request is analyzed under the "good cause" standard, Plaintiff's need for the information plainly outweighs any prejudice to the Internet Service Providers. First, Plaintiff's need for the information sought is very significant. As Plaintiff explains in its Renewed Application, without the identifying information of John Doe's co-conspirators, "Plaintiff will have no means of computing the damages that can be attributed to the conspiracy or establishing testimony from co-conspirators to aid in proving liability against John Doe and any co-conspirators who are later joined to this action." (ECF No. 10 at 5:4-6.) Further, the information Plaintiff seeks is under an imminent threat of destruction. (*Id.* at 5-6.) The Court "acknowledges that there is *at least some risk* that the ISPs used by the alleged co-conspirators *could* destroy the information plaintiff seeks . . ." (ECF No. 11 at 10:13-14) (emphasis added). However, this is a demonstrable understatement of the risk of destruction; it is not a possibility that the Internet Service Providers will destroy the information, it is a certainty. *See, e.g.*, ISPs' Subpoena Compliance Policies, attached hereto as Exhibits A-C. Comcast's Subpoena Compliance Policy states, for example, that attached hereto as that "Comcast currently maintains Internet Protocol address log files for a period of 180 days. If Comcast is asked to respond for information relating to an incident that occurred beyond this period, we will not have responsive information and can not fulfill a legal request." *See* Exhibit A. Plaintiff will be unable to determine damages relating to John Doe and will be unable to pursue any claim against John Doe's joint tortfeasors if Plaintiff is unable to obtain the identifying information it seeks; a greater need can hardly be imagined.

The prejudice to the Internet Service Providers, on the other hand, is relatively minimal. Internet Service Providers already have policies in place to comply with Plaintiff's discovery request. *See e.g.*, Exhibits A-C. Further, Plaintiff will compensate the Internet Service Providers for their compliance with the Plaintiff's request and the Court's orders. (*See* ECF No. 9 at 7:10-12.) The Internet Service Providers will not be prejudiced for being compensated for doing something they routinely do. Of course, the Internet Service Providers will have an opportunity to object to any subpoena that they believe is unduly burdensome.

Even if the rights of the subscribers were to be considered in the "good cause" analysis, the Court cannot possibly find that they will be prejudiced to an extent that would defeat Plaintiff's demonstrated need for expedited discovery. The Court states that "in light of the potential that some of the alleged co-conspirators are innocent internet users, plaintiff has not shown that the need to discover their identities at this early stage outweighs the prejudice to those individuals . . ." (ECF No. 11 at *4) (citing ECF No. 9 at 6.) The Court, however, does not explain in what way potentially innocent individuals are prejudiced by having their identifying information released. (*See generally id.*) Plaintiff is simply left to guess. In fact, the subscribers are not going to be required to do *anything* in response to Plaintiff's subpoena, so it is hard to imagine what burden they will suffer. *Voltage Pictures, LLC v. Does 1-5,000*, No. 10-0873, 2011 WL 1807438 at*3 (D.D.C. May 12, 2011) ("The plaintiff has issued subpoenas to the putative defendants' ISPs, not to the putative defendants themselves. Consequently, the putative defendants face no obligation to produce any information under the subpoenas issued to their respective ISPs and cannot claim any hardship, let alone undue hardship.")

To the extent that the Court's concerns about prejudice relate to the subscribers' privacy rights, these concerns are properly addressed in the legal standard applicable to unmasking the identities of anonymous copyright infringers. This legal standard is discussed in the following section.

## II.   THE FEBRUARY 8 ORDER FAILED TO DISCUSS ANY LEGAL STANDARD WITH RESPECT TO UNMASKING THE IDENTITIES OF ANONYMOUS COPYRIGHT INFRINGERS

The February 8 Order did not discuss any legal standard regarding unmasking the identities of anonymous copyright infringers. To the extent that the "establish guilt" standard is such a legal standard, it is worth noting "establishing guilt" is even more extreme than the *Cahill* standard rejected by the Ninth Circuit with respect to commercial speech. *In re Anonymous Online Speakers.*, 611 F.3d at 660. ("In the context of commercial speech balanced against a discretionary discovery order under Rule 26, however, *Cahill's* bar extends too far.") The *Cahill* standard only

1  requires plaintiffs, *inter alia*, to, "be able to survive a hypothetical motion for summary judgment …
2  before discovering the anonymous speaker's identity." *Id.*

3  Of the standards not rejected by the Ninth Circuit, the strictest remaining standard requires
4  "plaintiffs to make at least a prima facie showing of the claim for which the plaintiff seeks the
5  disclosure of the anonymous speaker's identity." *Id.* (citing *Highfields Capital Mgmt., LP v.*
6  *Doe,* 385 F.Supp.2d 969 (N.D.Cal.2005) and *Sony Music Entm't, Inc. v. Does 1-40,* 326 F.Supp.2d
7  556 (S.D.N.Y.2004)). More lenient tests outlined by the *In re Anonymous Online Speakers* court
8  include requiring plaintiff's claims to be able to withstand a "motion to dismiss" (citing *Columbia*
9  *Ins. Co. v. seescandy.com,* 185 F.R.D. 573 (N.D.Cal.1999), a "good faith standard" (citing *In re*
10 *Subpoena Duces Tecum to America Online, Inc.,* No. 40570, 2000 WL 1210372 (Va.Cir.Ct. Jan.31,
11 2000), and a "compelling need" test (citing *Doe v. 2TheMart.com,* 140 F.Supp.2d 1088
12 (W.D.Wash.2001)). *Id.* Magistrate Judge Brennan's February 8 Order failed to discuss or apply any
13 of these tests. (*See generally* ECF No. 11.)

14 Courts analyzing similar situations have routinely held that the First Amendment privacy
15 rights of copyright infringers are minimal and are outweighed by the injured party's need for their
16 identifying information. *See, e.g.*, *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir.
17 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed the
18 alleged infringer's First Amendment right to anonymity); *London-Sire Records, Inc. v. Doe 1*, 542
19 F. Supp. 2d 153, 179 (D. Mass. 2008) ("the alleged infringers have only a thin First Amendment
20 protection"). The Honorable Judge Edward M. Chen, the author of the "good cause" *Semitool*
21 opinion, even weighed in on this issue: "it is difficult to say that Doe had a strong expectation of
22 privacy because he or she either opened his or her computer to others through file sharing or
23 allowed another person to do so." *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at
24 *1 (N.D. Cal. June 2, 2011) (Chen, J.).

25 ///
26 ///
27
28

### III. THE AUTHORITY DISCUSSED IN THE FEBRUARY 8 ORDER IS NOT A SUBSTITUTE FOR THE APPROPRIATE LEGAL STANDARDS

The authority discussed in the February 8 Order is not a substitute for the appropriate legal standards. First, the Court refers to a balancing test where "the need to provide injured parties with an [sic] forum in which they may seek redress for grievances against the legitimate and valuable right to participate in online forums anonymously or pseudonymously . . . without fear that someone who wishes to harass or embarrass them can file a frivolous law suit and thereby gain the power of the court's order to discovery their identity." (ECF No. 11:9-13) (quoting *Columbia Ins. Co. v. Seescandy.com*, 185 F.R.D. 573, 578 (N.D. Cal. 1999). The *Seescandy.com* court further explains, shortly thereafter, that "[p]eople are permitted to interact pseudonymously and anonymously with each other *so long as those acts are not in violation of the law*." (*Id.*) (emphasis added.) Plaintiff has alleged that the actions committed by the unknown Defendants in this case constituted copyright infringement, common law civil conspiracy, and contributory infringement. (ECF No. 6.) These actions are plainly "in violation of the law." As such, the relevance of the *Seescandy.com* factors referenced by the Court is limited by the nature of the speech in question.

Second, the Court cites to *Semitool* as instructing the "[C]ourt [to] make this evaluation in light of 'the entirety of the record . . . and [examine] the *reasonableness* of the request in light of all the surrounding circumstances.'" (ECF No. 11 at 6: 20-22) (quoting *Semitool, Inc.*, 208 F.R.D. at 275). In *Semitool*, the court cited to this language while outlining various legal standards by which to evaluate expedited discovery requests.[2] After some analysis, the *Semitool* court rejected the other standards and explained that the "good cause" standard is applicable to expedited discovery circumstances like Plaintiff's. 208 F.R.D. at 275. ("The Court rejects the rigid *Notaro* standard and is persuaded that the more flexible good cause standard . . . is the appropriate standard . . ."). The

---

[2] "While a few courts have applied the *Notaro* factors in varying contexts, other courts have declined to apply *Notaro's* four-prong test. In *Merrill Lynch, supra,* the court reasoned that employing a preliminary-injunction type analysis to determine entitlement to expedited discovery made little sense, especially when applied to a request to expedite discovery in order to prepare for a preliminary injunction hearing. *See Merrill Lynch,* 194 F.R.D. at 624. Rather, 'it makes sense to examine the discovery request, as we have done, on the entirety of the record to date and the *reasonableness* of the request in light of all the surrounding circumstances.'" *Semitool, Inc.*, 208 F.R.D. at 275.

*Semitool* court did not adopt the "reasonableness" standard set forth in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor,* 194 F.R.D. 618 (N.D.Ill.2000). *Id.* Under the *Semitool* "good cause" standard, a discovery request is not evaluated by its *reasonableness* but instead involves a balancing test between *need* and the *prejudice*. *Id.* at 276. The Court's analysis under the "reasonableness" standard is not applicable to Plaintiff's expedited discovery request.

### IV. CONCERN OVER THE POTENTIAL INNOCENCE OF THE INTERNET SUBSCRIBERS IS NOT A BASIS TO DENY PLAINTIFF'S EXPEDITED DISCOVERY REQUEST

The Court denied Plaintiff's Renewed Application because it "still does not establish that none of the internet subscribers whose information plaintiff seeks to obtain are innocent internet users." (ECF No. 11 at 8: 22-23.) However, without their identifying information, Plaintiff is unable to evaluate the innocence of the Internet subscribers. This "chicken or egg" dilemma was specifically addressed by the *Semitool* court in its "good cause" analysis:

> Defendants contend it should not be subjected to expedited discovery without receiving the initial disclosures required by Patent Local Rule 3 and that it needs to know what patents are allegedly infringed before it should respond to discovery. Plaintiff argues, on the other hand, that it needs this limited discovery in order to know what other patents may be infringed. However, this 'chicken or egg' dilemma is largely irrelevant at this stage. It is clear that the core documents currently sought by Plaintiff are relevant and discoverable under the current complaint; it will remain so whether or not the complaint is enlarged to add additional claims. In short, Defendants are not prejudiced by responding to this limited discovery in advance of any amendment to the complaint or disclosure under Patent Local Rule 3.

*Semitool, Inc.*, 208 F.R.D. at 277.

In short, the *Semitool* court granted the expedited discovery request even though the plaintiff in that case, like here, was lacking sufficient information to complete its claims, and found that the defendants were not prejudiced as a result of the expedited discovery. *Id.* The only difference between *Semitool* and the present case, is that the plaintiff in *Semitool* was aware of the identities of the defendants, but not of the specific claims, while the Plaintiff here is aware of the specific claims, but not of the identities of the defendants. The properly applied *Semitool* standard thus applies here.

///

# CONCLUSION

The February 8 Order is clearly erroneous and contrary to law. First, it does not apply a correct legal standard in analyzing Plaintiff's expedited discovery request. Second, it does not apply any legal standard to Plaintiff's request to unmask the identities of anonymous copyright infringers. Third, the discussion that the February 8 Order does contain provides no substitute to the legal standards outlined in this memorandum of law. Finally, concern over the potential innocence of the subscribers is not a basis for denying Plaintiff's application. The Court should enter an order granting Plaintiff leave to issue subpoenas to every Internet Service Provider of John Doe and his co-conspirators listed in Exhibit A of its First Amended Complaint so that Plaintiff can proceed to ascertain the identities of the true infringers.

Respectfully Submitted,

PRENDA LAW INC.

**DATED: February 22, 2012**

By:        /s/ Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 22, 2012, all individuals of record who are deemed to have consented to electronic service are being served true and correct copy of the foregoing documents, and all attachments and related documents, using the Court's ECF system, in compliance with Local Rule 5-6 and General Order 45.

    /s/ Brett L. Gibbs
BRETT L. GIBBS