IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FIRST TIME VIDEOS, LLC, )
                                                )    2:11-cv-03478-GEB-EFB
          Plaintiff, )
                                                )
     v. )   ORDER TO SHOW CAUSE AND
                                                )   CONTINUING STATUS (PRETRIAL
JOHN DOE, )   SCHEDULING) CONFERENCE
                                                )
          Defendant. )
_____ )

         The December 30, 2012, Order Setting Status (Pretrial Scheduling) Conference scheduled a status conference in this case on April 9, 2012, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. The December 30, 2012, Order further required that a status report be filed regardless of whether a joint report could be procured. No status report was filed as ordered.

         Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than April 13, 2012, why sanctions should not be imposed against it and/or its counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report. The written response shall also state whether Plaintiff or its counsel is at fault, and whether a hearing is requested on the OSC.[1] If

---

[1] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." Matter of
(continued...)

1

a hearing is requested, it will be held on May 21, 2012, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A status report shall be filed no later than fourteen (14) days prior to the status conference.

    IT IS SO ORDERED.

Dated: March 28, 2012

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[1](...continued)
Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. In re Hill, 775 F.2d 1385, 1387 (9th Cir. 1985).

2