Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
415-325-5900
blgibbs@wefightpiracy.com

*Attorney for Plaintiff*

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| FIRST TIME VIDEOS, LLC, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> JOHN DOE, ) <br> ) <br> Defendant. ) <br> ) | **No. C-11-03478 GEB (EFB)** <br><br> **PLAINTIFF'S STATUS REPORT** |

**PLAINTIFF'S STATUS REPORT**

Plaintiff First Time Videos, LLC (hereinafter "Plaintiff"), by and through its undersigned counsel, hereby submits Plaintiff's Status Report pursuant to the Court's May 8, 2012 Minute Order (Doc. No. 20), and the Federal Rules of Civil Procedure ("FRCP"), Rule 26.[1]

**(a) Status of Service of Process on Parties Not Yet Served:**

Plaintiff is unable to serve the unidentified John Doe at this time. On December 30, 2011, Plaintiff filed its Complaint. (Doc. No. 1.) On January 6, 2011, Plaintiff filed its Amended Complaint. (Doc. No. 6.) Attached as Exhibit A to the Amended Complaint were a list of Internet Protocol addresses associated with John Doe and his co-conspirators. (Doc. No. 6-1.) Per the Amended Complaint, Plaintiff's agents observed these IP addresses unlawfully reproducing

---

[1] Plaintiff is unable to file a Joint Report. Plaintiff submits this Case Management Conference Report on its own because, for reasons discussed more thoroughly below, Plaintiff is the only party in this case at this time.

Plaintiff's copyrighted work via the BitTorrent protocol.  As further stated, "Plaintiff cannot ascertain the identities of John Doe or his co-conspirators without information from their respective Internet Service Providers ('ISPs')." (Doc. No. 6 at ¶ 4.)

Due to this need for information, on January 12, 2012, Plaintiff filed its *Ex Parte* Application for Leave to Take Expedited Discovery requesting the ability to discovery the identifying information of the IP address holders from the relevant ISPs. (Doc. No. 7.)  On January 19, 2012, the Court issued its Order granting in part and denying in part Plaintiff's Application. (Doc. No. 9, "January 19 Order.")  While not allowing Plaintiff to serve subpoenas on ISPs to identify the co-conspirators—thus eliminating the possibility of naming and/or serving those individuals in this case—the Court did allow Plaintiff to obtain the identifying information of the account holder whose IP address was used by John Doe to infringe on Plaintiff's copyrighted works. (Doc. No. 9.)  Plaintiff filed its Renewed *Ex Parte* Application for Leave to Take Expedited Discovery to address some of the Court's previous concerns about discovering information of John Doe's co-conspirators. (Doc. No. 10.)  That Application was also denied. (Doc. No. 11.)  On February 22, 2012, Plaintiff filed its Objections the Court's denial. (Doc. No. 12.)  The Court later struck that Objection. (Doc. No. 16.)

On April 4, 2012, after discovering that the Court's January 19 Order erroneously identified the Internet Protocol relating to John Doe, Plaintiff filed its Motion for Administrative Relief for an Order Correcting a Clerical Error Under FRCP Rule 60(a) to allow Plaintiff to serve a subpoena on John Doe's Internet Service Provider, Comcast Cable Communications ("Comcast") to identify him (Doc. No. 16).  On April 16, 2012, the Court corrected the Internet Protocol address (Doc. No. 18, "April 16 Order").  Subsequently, Plaintiff served a copy of the April 16 Order and the relevant subpoena on Comcast.  The Court's April 16 Order allowed Comcast to "have thirty (30) days from the date of [the April 16 Order] and a copy of the subpoena are served upon it to serve John Doe with a copy of the subpoena and a copy of this order."  Further, "Comcast and John Doe each shall have 30 days from the date of service to file any motions in this court…"  Additionally, "Comcast shall have 14 days to produce to plaintiff the [responsive] information" should no contesting motions

be filed. (Doc. No. 18).  Per the Court's own timeline, Plaintiff had to wait at least 2.5 months before receiving John Doe's identifying information from Comcast.

Most recently, Plaintiff received notice from Comcast that, in light of the delay described above, the subscriber information related to John Doe was no longer in their records.  As of now, therefore, that time-sensitive information no longer exists.  Currently, Plaintiff is exploring its options in this case in light of Comcast's recent response.

**(b) Possible Joinder of Additional Parties:**

Not foreseeable.

**(c) Anticipated Amendment of Pleadings:**

Plaintiff has filed its Amended Complaint. (*See* Doc. No. 6.)  Currently, Plaintiff cannot foresee any further amendments.

**(d) Basis for Jurisdiction and Venue:**

As alleged in Plaintiff's Amended Complaint (ECF No. 6 ¶ 6), this Court has federal subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (commonly referred to as "the Copyright Act"), 28 U.S.C. § 1331 (granting federal courts federal question jurisdiction over civil actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (granting federal courts original jurisdiction over any Congressional acts relating to copyrights).  This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is directly related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, such that the two claims form part of the same case and controversy under Article III of the United States Constitution.

Further, this Court has personal jurisdiction over John Doe and his co-conspirators because Plaintiff believes they reside and committed copyright infringement in the State of California. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a).

**(e) Anticipated Motions with Suggested Dates:**

None at this time.

///

**(f) Anticipated and Outstanding Discovery:**

Plaintiff objects to initial disclosures required under Federal Rule of Civil Procedure 26 because, at this time, there is no party to disclose any relevant information to.

**(g) Proposed Discovery Plan Pursuant to Rule 26(f):**

Plaintiff objects to this requirement.  Rule 26(f) plans are only applicable when there are two parties in the case.  As explained above, aside from Plaintiff, there are no other parties in this case. At this time, therefore, any discovery plan would be premature.

  (1) Timing, Form or Requirement for Disclosures:

  For the reasons explained above, Plaintiff has no suggested changes to the time, form, or requirements for disclosure other than noting that all of these will be entirely depend on how this case proceeds considering the recent notice from Comcast.

  (2) Subjects on Which Discovery May be Needed, Discovery Completion, and Whether Discovery Should be Conducted in Phases:

  At this time, it is premature for Plaintiff to speculate as to the discovery format or timelines necessary.

  (3) Changes That Should be Made in the Limitations on Discovery:

  None that Plaintiff anticipates at this time.

**(h) Scheduling of Other Future Proceedings:**

Again, at this time, before even knowing how this case carries forward in light of the recent disclosure from Comcast, it is premature for Plaintiff to make a guess as to this date.

**(i) Estimate of Trial Time:**

Again, at this time, before even knowing how this case carries forward in light of the recent disclosure from Comcast, it is premature for Plaintiff to make a guess as to this date.

**(j) Appropriateness of Special Procedure:**

None that Plaintiff can anticipate at this juncture.

**(k) Modifications of Standard Pretrial Procedures Due to Complexity/Simplicity:**

None that Plaintiff sees at this point.

**(l) Related Cases:**

None.

**(m) Prospects for Settlement:**

At this point, there are no prospects for settlement.

**(n) Other Matters:**

Plaintiff does not believe that the upcoming Case Status Report hearing is necessary in this case.

Respectfully Submitted,

FIRST TIME VIDEOS, LLC,

**DATED: August 8, 2012**

By:      /s/  Brett L. Gibbs, Esq.

Brett L. Gibbs, Esq. (SBN 251000)
Of Counsel to Prenda Law Inc.
38 Miller Avenue, #263
Mill Valley, CA 94941
blgibbs@wefightpiracy.com
*Attorney for Plaintiff*